IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KITALENA JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW, Plaintiff Kitalena Jensen, by and through undersigned counsel, and files this Complaint for Damages against Defendant the United States of America , respectfully showing this Court the following:

## PARTIES AND JURISDICTION

1. Plaintiff Kitalena Jensen is a citizen of the State of Missouri and resides in St. Louis County, Missouri.

2. Defendant the United States of America is the proper party defendant to this action, which is brough under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) and 28 U.S.C. §§ 2671-2680.

3. At all times relevant hereto, Thomas W. Curlee was an employee of the United States Postal Service, an independent establishment of the executive branch of the Government of the United States, and was acting within the course and scope of his office or employment.

4. The tort claims provisions of Title 28 of the United States Code apply to the United States Postal Service pursuant to 39 U.S.C. § 409(c).

5. Pursuant to Fed. R. Civ. P. 4(i)(1), Defendant the Untied States of America may be served with process by delivering a copy of the Summons and of this Complaint to the United States Attorney for the Eastern District of Missouri, or by sending a copy of each by registered or certified mail, return receipt requested, to the civil-process clerk at the Office of the United States Attorney for the Eastern District of Missouri, 111 S. 10th St. #20.333, St. Louis, MO 63102, and by also sending a copy of each by registered or certified mail, return receipt requested, to the Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

6. This Court has exclusive subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1).

7. Plaintiff's claim is one for money damages for personal injury caused by the negligent acts or omissions of an employee of the Government while acting within the course and scope of his office or employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the law of the place where the acts or omissions occurred. The law of the place where the acts and omissions occurred is the law of the State of Missouri. 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674.

8. Venue is proper in the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1420(b), because Plaintiff resides in this district and because all of the acts and omissions complained of herein occurred in St. Louis County, Missouri, within this district and division.

9. Plaintiff presented her claim in writing to the United States Postal Service, the appropriate federal agency, on Standard Form 95, which the United States received in February 2026. Confirmed by a Tort Claims Examiner/Adjudicator on March 17, 2026. (USPS Claim File No. NT202543677).

10. Plaintiff has exhausted the administrative remedies required by 28 U.S.C. § 2675(a). As of the date of filing this Complaint, the United States Postal Service has not made a final disposition of the claim by settlement, nor has the claim been denied in writing. Accordingly, Plaintiff deems such failure to make final disposition of the claim within the six-month period prescribed by 28 U.S.C. § 2675(a) to be a denial thereof and elects to file this action.

11. The sum certain stated in Plaintiff's administrative claim is $2,261,534.73. This action is not instituted for any sum in excess of the amount of the claim presented to the agency. 28 U.S.C. § 2675(b).

12. The action is triable to the Court without a jury. 28 U.S.C. § 2402.

## BACKGROUND

13. This action arises from a motor vehicle collision that occurred on January 18, 2025, at approximately 1:45 p.m., on Gravois Rd. near 11662 Gravois Rd., Sunset Hills, St. Louis County, State of Missouri.

14. At that time, Plaintiff was operating her motor vehicle in a generally eastbound direction on Gravois Rd. and at all times maintained the right of way.

15. At said time and place, Thomas W. Curlee was operating a United States Postal Service vehicle, Vehicle Identification Number 1FCMU69K310A11380, which was owned by the United States Postal Service.

16. Curlee was exiting the parking lot of 11662 Gravois Rd., attempting to make a left turn across the eastbound lanes of traffic on Gravois Rd.

17. Curlee moved the postal vehicle from that stopped position into Plaintiff's lane of travel, without yielding the right of way.

18. The front of the postal vehicle operated by Curlee smashed into the front/passenger side of Plaintiff's vehicle.

19. Drivers egressing from 11662 Gravois Rd. are required to yield to traffic on Gravois Rd. in both easterly and westerly directions of traffic.

20. The investigating officer recorded Curlee's failure to yield as a contributing factor on Curlee's part.

21. The investigating officer recorded no contributing factor on the part of Plaintiff.

22. No act or omission of Plaintiff caused or contributed to cause this collision.

23. As a direct and proximate result of the collision, Plaintiff sustained the injuries and damages described below.

**<u>COUNT I – NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA</u>**

24. Plaintiff restates and incorporates each of the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

25. At all times relevant, Curlee was required to use the highest degree of care when operating a motor vehicle on the roads in Missouri.

26. The injuries and damages suffered by Plaintiff, hereinafter described, were directly and proximately caused by the negligence of Curlee in at least the following respects, to wit:

a. Curlee failed to exercise the highest degree of care when operating the postal vehicle on the roadways in Missouri;

b. Curlee failed to yield to Plaintiff's right of way;

c. Curlee was inattentive;

d. Curlee made an improper left turn;

e. Curlee allowed the postal vehicle he was operating to collide with Plaintiff's vehicle;

f. Curlee failed to keep a careful lookout;

g. Curlee committed other negligent acts and omissions as may be shown by the evidence and proven at trial.

27. Each of the aforesaid acts and omissions of Curlee were negligent and constituted negligence.

28. At all times relevant hereto, Curlee was acting within the course and scope of his employment or office with the United States Postal Service.

29. Defendant the United States of America is liable for the negligence of Curlee in the same manner and to the same extent as a private individual would be liable under like circumstances in accordance with the laws of the State of Missouri. 28 U.S.C. §§ 1346(b)(1), 2674.

30. Each of the aforesaid acts and omissions of Curlee, both of commission and omission, were a direct and proximate cause of the damages and injuries suffered Plaintiff, hereinafter described.

**COUNT II - DAMAGES**

31. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. As a direct and proximate result of the aforesaid negligent acts and omissions of Defendant, Defendant caused or contributed to cause Plaintiff to suffer serious, painful, and permanent physical injuries, including but not limited to, her head, neck, back, and right arm.

33. As a direct and proximate result of the aforesaid negligent acts and omissions of Defendant, Plaintiff has suffered and will hereafter suffer, physical pain, lost enjoyment of life, loss of use, diminished capacity, and garden variety emotional distress.

34. Plaintiff has sustained past medical expenses in the amount of $291,637.59, which continue to accrue.

35. As a direct and proximate result of Defendant's negligence, Plaintiff is reasonably likely to sustain additional expense and loss in the future on account of additional medical treatment, out of pocket expenses, pain, and suffering.

36. All of Plaintiff's injuries, losses, and damages, past, present, and future, are due to the negligence and carelessness of Defendant.

WHEREFORE, Plaintiff respectfully prays the Court find in favor of Plaintiff and against Defendant on all Counts, and respectfully demands as follows:

a. That process and summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

b. That service be perfected upon Defendant as provided by law;

c. That this action be tried by the Court without a jury, as required by 28 U.S.C. § 2402;

d. That judgment be entered against Defendant for general and special damages in an amount to be proven at trial, not to exceed $2,261,534.73, the sum certain presented to the agency pursuant to 28 U.S.C. § 2674(b);

e. That all costs be cast against Defendant; and

f. For such other and further relief as the Court deems just and proper under the circumstances.

Dated this 19 day of October, 2026.

Respectfully submitted,

*/s/Ryan M. Campbell*
Ryan M. Campbell, #69030MO
**MORGAN & MORGAN**
120 S. Central Ave., 11th Floor
Clayton, Missouri 63105
T: (314) 252-7201
F: (314) 252-7268
ryan.campbell@forthepeople.com
*Attorney for Plaintiff*